### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID S.L. PARKS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:09cv604(MRK) |
| | : | |
| THERESA LANTZ, ET AL., | : | |
| | : | |
| Defendants. | : | |

### RULING AND ORDER

David S.L. Parks, who is currently confined at MacDougall Correctional Institution ("MacDougall") and proceeds *pro se* and *in forma pauperis* in this action, has filed a civil rights action against thirty-five defendants, most of whom are employed by the Connecticut Department of Correction.  Mr. Parks claims, *inter alia*, that Defendants have interfered with medications needed for his serious medical condition as well as his mental health condition, transferred him to various prison facilities in retaliation for filing complaints, confiscated legal mail, and violated the consent decree in *Doe v. Meachum*, Case No. 88-562 (PCD) (D. Conn. Nov. 2, 1990).  The Court has granted Mr. Parks until July 17, 2009 to file an amended complaint that adds two additional defendants.  *See* Order [doc. # 12].

Currently pending before the Court are Mr. Parks's Motion to Restrain the Defendants [doc. # 7], Motion to Stop the Defendants from Dismissal [doc. # 13], and Motion for Preliminary Injunction against Defendant Warden Murphy [doc. # 14].  However, Mr. Parks's Motion for Preliminary Injunction [doc. # 14] is repetitive of the last portion of his Motion to Stop Defendants from Dismissal [doc. # 13].  For the reasons that follow, Mr. Parks's motions are denied.

# I.

Ordinarily, to obtain a preliminary injunction, a plaintiff must establish the following: (1) irreparable harm; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor. *See New York State Restaurant Ass'n v. New York City Board of Health*, 252 F.3d 148, 150 (2d Cir. 2009); *see also Doninger v. Niehoff*, 514 F. Supp. 2d 199, 209-10 (D. Conn. 2007). However, "the authority to issue an injunction is an extraordinary and powerful one that is to be used sparingly and cautiously and only in a 'clear and plain' case." *Reynolds v. Giuliani*, 506 F.3d 183, 198 (2d Cir. 2007) (citing *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) and *Irwin v. Dixion*, 50 U.S. (9 How.) 10, 33 (1850)). This is so because injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consolidated Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

The Second Circuit has made clear that the "showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). As a result, Mr. Parks must demonstrate irreparable harm before the Court will proceed to examine the other requirements for an issuance of an injunction. *See Rodriguez*, 175 F.3d at 234. To satisfy the irreparable harm requirement, Mr. Parks must show that "absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transport Malmo AB*, 559 F.3d at 118. If Mr. Parks fails to demonstrate irreparable harm, his motions for

injunctive relief should be denied.  *Rodriguez*, 175 F.3d at 234.

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases.  *See Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003); *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997). This is especially true when essential facts are not in dispute.  *See Maryland Casualty Co.*, 107 F.3d at 984; *see also* 7 James Wm. Moore et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995) (Where "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony.").  In this case, the court finds that oral testimony and argument are not necessary.

In his Motion to Restrain the Defendants [doc. # 7], Mr. Parks complains that from April 2006 until October 2007, Department of Correction officials placed him on high security status and moved him to different facilities on eight different occasions, which caused him to experience stress and an exacerbation of the symptoms of his medical condition.  He also claims that in July and early-August 2008, counselors at Garner Correctional Institution ("Garner") refused to sign papers in connection with his *in forma pauperis* application in a separate action and forged his signature on a grievance withdrawal slip.  He further alleges that in late-August 2008, prison officials at Garner transferred him to MacDougall and lost or confiscated a box of his legal papers just prior to or during the transfer.  Mr. Parks now seeks an order prohibiting Peter Murphy, Warden of MacDougall, from transferring him again and losing or stealing his legal papers.  The Court finds that Mr. Parks's first motion fails for multiple reasons.

First, Mr. Parks's complaints about prison counselors and other employees at Garner during July and August 2008 do not constitute danger of immediate harm, especially because Mr. Parks has been

incarcerated at MacDougall since August 21, 2008.  An inmate's request for injunctive relief with respect to correctional staff or conditions of confinement at a particular institution may become moot when the inmate is discharged or transferred to a different correctional institution, thereby undermining any reasonable expectation that the alleged violation will recur.  *Cf. Davis v. New York*, 316 F.3d 93, 99 (2d Cir. 2002).  In *Davis*, the Second Circuit found that the plaintiff's claim concerning second-hand smoke had not become moot despite his transfer to another housing block where evidence showed that the conditions persisted and that a non-smoking policy had yet to be enforced.  *See id.*  Unlike the plaintiff in *Davis*, Mr. Parks's concerns relate solely to his past experiences at Garner.  Thus, he has not demonstrated irreparable harm with respect to his current conditions at MacDougall.

The other relief that Mr. Parks seeks in his first motion similarly fails for failure to demonstrate irreparable harm.  Mr. Parks's complaints about frequent transfers relate to a time period ending in October 2007.  Plaintiff was then confined at Garner until late-August 2008, at which time he was transferred to MacDougall.  Mr. Parks does not allege that he suffered any exacerbation of the symptoms of his medical condition due to his transfer to MacDougall.  Furthermore, Mr. Parks remains currently incarcerated at MacDougall.  There is no indication that there is any plan to move him to a different facility, and as a result, Mr. Parks has failed to show that he is subject to imminent harm on the basis of the mere possibility that he may be transferred to another prison facility in the future.  As to Mr. Parks's claims regarding his security level at MacDougall, he states that the facility plans to remove him from high security status and moreover, that he has no objection to this decrease in his security level.  Documents attached to Mr. Parks's second motion for injunctive relief and motion for leave to amend confirm that on June 1, 2009, the Classification Committee at MacDougall recommended his removal from high security status.

Finally, Mr. Parks's claim that Warden Murphy and other defendants at MacDougall might confiscate or lose his legal papers is speculative. *See Faiveley Transport Malmo AB*, 559 F.3d at 118 (stating that injunctive relief cannot be based on a speculative injury). Mr. Parks asserts that prior to his transfer to MacDougall in August 2008, Garner officials filled out a property inventory sheet on which they indicated he had five boxes of legal documents. Upon entry to MacDougall, its officials indicated that Mr. Parks had only four boxes of legal documents. However, documents attached to Mr. Parks's second motion for injunctive relief belie his claim that Warden Murphy or other prison officials are somehow responsible for the loss of one box of legal papers. In fact, Mr. Parks states that he suspects it is officials from Garner who lost these legal materials.

Perhaps more importantly, Mr. Parks does not identify the missing documents nor does he allege that the loss of these documents has precluded him from pursuing legal action in either state or federal court. The Court notes that since Mr. Parks's transfer to MacDougall in August 2008, he has filed a Complaint consisting of over seventy pages, three motions for injunctive relief, and two motions for leave to amend. He has also submitted voluminous exhibits in support of his allegations. Thus, Mr. Parks has been able to successfully pursue his federal claims. Therefore, the Court concludes that Mr. Parks has failed to demonstrate that he will suffer imminent harm or injury if his first motion for injunctive relief is not granted. Because the Court has determined that there has been no showing of irreparable harm, it need not reach the other requirements for a preliminary injunction. *See Rodriguez*, 175 F.3d at 234. Accordingly, the Motion to Restrain the Defendants [doc. # 7] is denied.

In his second and third motions for injunctive relief, Mr. Parks re-asserts the allegations in his first motion and sets forth additional claims against state court personnel, state marshals, and Warden Murphy. In particular, Mr. Parks claims that he has filed or attempted to file civil actions in the

5

Connecticut Superior Court, but that its Clerk's Office has provided him with inaccurate information about those actions. He further claims that two different state marshals have refused to serve the complaints he filed in those state court actions. However, with respect to these claims, Mr. Parks concedes that in February 2009, he moved to dismiss his state court actions as a result of filing this federal case. Thus, Mr. Parks has again failed to demonstrate that he will suffer irreparable harm in state court if this Court does not order an immediate investigation into his claims regarding the difficulties he experienced in filing his state court actions and having service effectuated in those cases. Therefore, the Court is left to determine only Mr. Parks's final request for injunctive relief – namely, that this Court enjoin Warden Murphy from enforcing rules restricting access to the law library as well as the number of photocopies an inmate can make in any given week. According to Mr. Parks, he has limited time in the law library and is allowed to make no more than 100 photocopies in a single week.

As to his limited library access, it is significant that Mr. Parks has not complained that he has been denied full access to the law library. Rather, he seeks a court order granting him additional library hours to complete his Amended Complaint. However, Mr. Parks has indicated that he is amending his Complaint for the purpose of including allegations against two additional defendants. Given his representations, the Court sees no reason why Mr. Parks needs increased access to the law library to conduct research or copy cases. This is especially true given the fact that when the Court granted Mr. Parks's Motion to Amend [doc. # 11], it granted him one month to complete and file his amended complaint. *See* Order [doc. # 12]. This should be sufficient time for Mr. Parks to complete his amended complaint. If not, Mr. Parks may file for an extension of time for good cause shown. Thus, the Court finds that Mr. Parks will not suffer irreparable harm or prejudice if his request for increased library access is not granted.

In support of his request for an increased allowance for photocopies, Mr. Parks states that this Court has directed him to submit his original amended complaint along with three copies and that he cannot comply with this requirement absent a court order that he is allowed unlimited photocopying privileges.  However, the Court notes that no such requirement exists.  Mr. Parks must submit only his original amended complaint.  Thus, he does not need to supply the Court with any copies of his amended complaint.  However, Mr. Parks may want to make one copy of his amended complaint for his own records.

In addition, the Court reminds Mr. Parks that in preparing his amended complaint, Rule 8(a)(2) of the *Federal Rules of Civil Procedure* only requires that his complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  There is no requirement that Mr. Parks include "detailed factual allegations" or that he submit exhibits in support of his allegations.[1]  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Instead, the amended complaint should include factual allegations that permit "the court to draw the reasonable inference that [there is more than a mere possibility] the defendant is liable for the misconduct alleged" and show that the plaintiff is entitled to relief.  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949-50 (2009).  In light of the fact that Mr. Parks is now on notice that he need only file an original amended complaint, the Court concludes that Warden Murphy's rule permitting only 100 photocopies per day is not unreasonable and will not deny Mr. Parks access to the court.  Because the Court has determined that there has been no showing of irreparable harm, it need not reach the other requirements for a preliminary injunction. *See Rodriguez*, 175 F.3d at 234.  Accordingly, Mr. Parks's Motion to Stop the Defendants from Dismissal [doc. # 13] and Motion for Preliminary Injunction against Defendant

---

[1]  The Court notes that Mr. Parks will have the opportunity to submit evidence in support of his amended complaint at either summary judgment or at trial.

7

Warden Murphy [doc. # 14] are denied.

Finally, Mr. Parks seeks an order directing Warden Murphy to provide him with large legal envelopes.  However, Mr. Parks has not alleged that he has requested legal envelopes from Warden Murphy or that Warden Murphy has denied any request for such envelopes.  In addition, the Court notes that it cannot procure supplies and materials for Mr. Parks.  Thus, the request for supplies is denied. The Court suggests that Mr. Parks contact the Inmates' Legal Assistance Program, 78 Oak Street, Hartford, CT 06126-0237, (860) 246-1118, for help with this request.

## II.

Accordingly, Mr. Parks's Motion to Restrain the Defendants [doc. # 7], Motion to Stop the Defendants from Dismissal [doc. # 13], and Motion for Preliminary Injunction against Defendant Warden Murphy [doc. # 14] are denied.  The Court reminds Mr. Parks that absent a motion for extension of time for good cause shown, his amended complaint must be filed no later than July 17, 2009.

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

Dated at New Haven, Connecticut: **July 6, 2009.**

8