# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

DAVID S. L. PARKS,                         :
     Plaintiff                        :     CASE NO.   3:09CV604(VLB)
                                   :
     v.                               :
                                   :     September 29, 2011
THERESA LANTZ, ET AL.,                     :
     Defendants                       :

## RULING DENYING PLAINTIFF'S [Doc #60] MOTION AND COMPLAINT SEEKING INJUNCTIVE RELIEF

        Pending before the court is the plaintiff's motion seeking injunctive relief in connection with legal actions filed in state and federal court.   When the plaintiff filed this civil rights action, he was confined at MacDougall Correctional Institution ("MacDougall").  On November 24, 2010, officials at MacDougall transferred the plaintiff to Osborn Correctional Institution ("Osborn"), in Somers, Connecticut.   The plaintiff claims that in October and early November 2010, correctional treatment officers, counselors and the warden at MacDougall interfered with his access to courts.

        The plaintiff alleges that upon his arrival at Osborn, prison officials seized all but two of his boxes of legal materials because they claimed the rest of the boxes constituted a fire hazard.  The plaintiff claims that he needs all of his legal materials in his case against defendants.   He asks the court to order prison officials at Osborn to grant him access to all of his legal documents, to provide him with extra copies of documents that he seeks to file with the court and to

send his legal mail return receipt requested.   He also seeks copies of anything that counsel for the defendants files with the court.

In this circuit the standard for injunctive relief is well established.  To warrant preliminary injunctive relief, the moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidely toward the party requesting the preliminary releif."  *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir., 1979).  *See also Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 172 (2d Cir. 2001).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated.  *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999))).  To demonstrate irreparable harm, plaintiff must "demonstrate 'an injury that is neither remote nor speculative, but actual and imminent' and that cannot be remedied by an award of monetary damages."  *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)(internal citation omitted)).

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. *See Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003). A "hearing is not required if no disputed factual issues need to be resolved when deciding whether or not to issue a preliminary injunction." 13 James Wm. Moore, et al., Moore's Federal Practice ¶ 65.21[3] (3d ed. 2011).

On July 6, 2010, the court issued an Initial Review Order dismissing all claims against defendants Bonasepa, Budlong, Burns, Cleaver, Dignam, Gaynor, LaFrance, Luna, McGaughney, Mendelsohn, Migliaro, Morris, Ottolini, Pesanti, Rutledge, Silvis, Smith, Stefan, Alisberg, and Blumenthal. The Court permitted the case to proceed against defendants Arrias, Benner, Berrios, Blanchette, Choinski, Dzurenda, Falcone, Forey, Griffin, Lantz, Lasrove, B. Murphy, P. Murphy, Ralliford, Rell, Semple, and Sieminski in their individual capacities as to the Section 1983 claims of deliberate indifference to medical needs, conspiracy, retaliation, denial of access to courts and violations of due process claims, the Americans with Disabilities Act claims against those same defendants in their official capacities and the various state law claims against those defendants. The individuals mentioned in the current motion, correctional treatment officers Blanchard and Simmons, notary counselor McGuire, health services administrator Lightner and counselor Massa are not defendants in this action.

The court must have in personam jurisdiction over a person before it can validly enter an injunction against him or her. *See United States v. Paccione*, 964 F.2d 1269, 1275 (2d Cir. 1992) and *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*,

191 F.3d 297, 302 (2d Cir. 1999).  *See also* 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d)(1) & (2) (providing, in pertinent part, that "[e]very order granting an injunction" is binding only upon the parties to the action.).  Thus, the court lacks jurisdiction to enjoin the conduct of prison mental health, medical and correctional staff at MacDougall and Osborn who are not defendants in this action.

The plaintiff also alleges that in October 2010, defendant Murphy, who is the warden at MacDougall, began to provide longer sheets of paper to inmates using the library.  The plaintiff complains that these sheets of paper will barely fit in the legal size envelopes that are for sale at the commissary.  The plaintiff claims that Warden Murphy intended to prevent him from filing documents with the court by requiring him to use the longer sheets of paper.  The court notes, however, that attached to the motion for injunctive relief are over 120 pages of exhibits.  In addition, a number of the exhibits consist of pieces of paper that are 8 ½ by 14 inches in dimension.  In order to make them fit in the envelope to be mailed to the court, the plaintiff simply folded those pages over.

Any claims relating to conditions at MacDougall were moot at the time the plaintiff filed his motion seeking injunctive relief because he had been transferred to Osborn on November 24, 2010.  *See Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976) (Finding inmate's request for injunctive relief against

correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution.); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

The plaintiff alleges that when he arrived at Osborn, prison officials seized 4/5 of his legal property because they deemed it to be a fire hazard. Thus, prison officials permitted the plaintiff to retain only two boxes of legal materials and two legal books in his cell. On December 4, 2010, the plaintiff sent an Inmate Request to Warden Chapdelaine at Osborn seeking access to some of the boxes of legal documents that were seized when he arrived. The exhibits attached to plaintiff's motion reflect that he mailed his motion for injunctive relief to the court or about December 3, 2010 and it arrived at the court on December 9, 2010. The court concludes that the plaintiff did not permit Warden Chapdelaine sufficient time to respond to his request to access his other boxes of legal documents prior to the filing of his motion for injunctive relief. Thus, the request for access to his boxes of legal documents is premature.

The plaintiff also asserts that not enough of the medications used to treat his HIV condition were transferred with him to Osborn and that as of November 26, 2010, he was out of his HIV medication. In an inmate request form sent to the medical department at Osborn and attached to the motion for injunctive relief as an exhibit, however, the plaintiff concedes that he did get HIV medications on November 30, 2010 and December 1, 2010.

Plaintiff also includes a request that he receive copies of all documents and motions filed by defendants' attorney as well as copies of cases cited by counsel in her motions and memoranda. The plaintiff does not allege that counsel failed to mail him copies of all motions and documents she filed in the case. Neither the court, nor defendants' counsel has an obligation to send the plaintiff extra copies of motions or memoranda or copies of reported cases cited in rulings, motions or memoranda. Although the plaintiff has indicated that an attorney from Inmates' Legal Assistance ("ILA") declined to assist him back in May 2010, the plaintiff is not precluded from contacting ILA at this time if he needs assistance in responding to or filing any motions or memoranda.[1]

The court concludes that plaintiff has not alleged that he will suffer irreparable harm or prejudice if his requests for additional copies of documents, to the boxes of his legal documents and to copies of case law is not granted. Absent any allegations of irreparable injury, the plaintiff fails to satisfy the first requirement for the issuance of injunctive relief. Because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief. *See Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will

---

[1] In a letter dated May 28, 2010, an attorney from ILA stated that he could not assist the plaintiff because the plaintiff had indicated that he was adding ILA as a defendant to this lawsuit. The plaintiff did not, however, add ILA as a defendant.

be considered."). Finally, the court finds that oral testimony and argument is not necessary because there are no factual issues in dispute.

For all of the reasons set forth above, the motion for injunctive relief is denied. If the plaintiff seeks to file a new complaint regarding the conditions of confinement at Osborn, he may submit a request for a prisoner complaint form to the Clerk.[2]

## CONCLUSION

The Motion for Injunctive Relief [Doc. No. 60] is DENIED.

SO ORDERED this 29th day of September, 2011, at Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant
United States District Judge

_____

[2] **The request may be sent to the Office of the Clerk, United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604.**