UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DAVID S.L. PARKS
        Plaintiff,

       v.                                  CASE NO. 3:09-cv-604 (VAB)

EDWARD A. BLANCHETTE,
JAMES E. DZURENDA, and
PETER J. MURPHY,
          Defendants.

**ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Court is currently considering Defendants' Motion for Summary Judgment. Defs.' Mot. For Summ. J., ECF No. 219.  Plaintiff, Mr. David Parks, objects to all of the affidavits Defendants rely on to support their Motion, because he argues, they are not unequivocally based on personal knowledge as required under Federal Rule of Civil Procedure 56.  Pl.'s Opp. Br. 43, ECF No. 232.  For the reasons that follow, the Court agrees and, therefore, this Motion for Summary Judgment will not be considered unless Defendants modify the affidavits submitted by all fact witnesses in support of their Motion to indicate that these affidavits are based on personal knowledge only.

**DISCUSSION**

Mr. Parks objects to all of the affidavits relied on by Defendants in support of their Motion for Summary Judgment because he argues that they use "inappropriate" caveats qualifying the sworn statements they contain such as "'to the best of my knowledge, information and belief'" or "'best of my knowledge and belief.'"  Pl.'s Opp. Br. 43, ECF No. 232.  To the extent that this is true, where a motion for summary judgment is improperly supported, Rule 56(e)(1) allows the Court to provide the moving party with

1

an opportunity to provide proper support.  Fed. R. Civ. P. 56(e)(1).  ("If a party fails to properly support an assertion of fact [ ] as required by Rule 56(c), the court may [ ] give an opportunity to properly support or address the fact"); 11 James WM. Moore et al., *Moore's Federal Practice* §56.99[2][a] (Matthew Bender 3d ed. 2015) ("[Giving a party another opportunity to support or address a fact] will often be the best option, minimizing the chance of an unjust result based on an inadequate record.").  The Court directs the Defendants to resubmit the affidavits of their fact witnesses sworn to on the basis of each witness's personal knowledge.

Defendants' affidavits indicate that the affiant either "swear[s] that the foregoing is true and correct to the best of [his] knowledge, information, and belief," *see* Ex. 4, Aff. of Dr. Kevin Dieckhaus, ECF No. 219-6; Ex. 23, Aff. of Dr. Edward A. Blanchette, ECF No. 219-25; Ex. 20, Aff. of Dr. Steven Lazrove, ECF No. 219-22, or "swear[s] that the foregoing is true and accurate to the best of [his] knowledge and belief," *see* Ex. 1, Aff. of Dr. George Wu, ECF No. 219-3; Ex. 7, Aff. of Comm'r James Dzurenda, ECF No. 219-9; Ex. 17, Aff. of Peter J. Murphy, ECF No. 219-19; Ex. 18, Aff. of Richard Bush, ECF No. 219-20.  Mr. Parks argues that because the Defendants' affidavits are based on personal knowledge as well as information and/or belief, they do not constitute proper support under Rule 56(c) for a summary judgment motion.  Mr. Parks is correct.

Rule 56(c)(4) requires that affidavits or declarations used to support or oppose a motion "must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  The Second Circuit has held that an affidavit of a fact witness is insufficient under Rule 56 when it is based on "personal knowledge or upon

information and belief" because there is no way to determine which portions are based on personal knowledge and which on "information and belief."  *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988); *cf. SCR Joint Ventures L.P. v. Warshawasky*, 559 F.3d 133, 138 (2d Cir. 2009) (citation omitted) (noting that assertions made by a fact witness "on information and belief" are insufficient under Rule 56 but finding that the affidavit challenged in the particular case before the Court was based on personal knowledge because it used the phrase "to my knowledge," which had a different meaning from "on information and belief").

Because an expert applies his expertise to the facts of a given case, the entirety of an expert affidavit offered in support of summary judgment need not and indeed typically cannot be based entirely on personal knowledge.  *See Miller Marine Servs., Inc.* v. *Travelers Prop. Cas. Ins. Co.*, 197 F. App'x 62, 64 (2d Cir. 2006) (citing *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592 (1993)) ("[A]n expert's opinion need not be based on personal knowledge").  Thus, so long as the expert has sufficient expertise and has reviewed the evidence in the instant case and based his conclusions on this evidence, his affidavit may appropriately support a summary judgment motion.  *See id.*

The affidavits Defendants submitted from their fact witnesses, however, suffer from the same problem that the Second Circuit identified in *Sellers*: the language used does not allow the Court or the Plaintiff to determine which portions of them were based on personal knowledge and which on information and belief.  *See Grant v. Citibank*, No. 10 Civ. 2955 (KNF), 2010 WL 5187754 (S.D.N.Y. Dec. 6, 2010) (holding that an affidavit sworn "to the best of my knowledge, information and belief" is not proper support for a summary judgment motion because it was not based on personal knowledge).  While

3

this problem is not fatal for Defendants' expert affidavits, because they cannot be based

on personal knowledge in their entirety, *Miller Marine Servs., Inc.*, 197 F. App'x at 64, it

is fatal for the affidavits of fact witnesses, which must be based entirely on personal

knowledge.  *See Sellers*, 842 F.2d at 643.

As a result, to the extent that Defendants wish for the Court to consider their

Motion for Summary Judgment, the affidavits of their fact witnesses must be

resubmitted and sworn to on the basis of each witness's personal knowledge.

Defendants must file revised versions with the Court within thirty (30) days from the date

of this Order for the Court to consider them in evaluating the Motion for Summary

Judgment.  Defendants must modify the affidavits submitted by the following individuals:

Defendant James Dzurenda, Defendant Peter J. Murphy, Richard Bush, Dr. Steven

Lazrove, and Dr. Edward Blanchette.  Ex. 7, Aff. of Comm'r James Dzurenda, ECF No.

219-9; Ex. 17, Aff. of Peter J. Murphy, ECF No. 219-19; Ex. 18, Aff. of Richard Bush,

ECF No. 219-20; Ex. 20, Aff. of Dr. Steven Lazrove, ECF No. 219-22; Ex. 23, Aff. of Dr.

Edward A. Blanchette, ECF No. 219-25.[1]

SO ORDERED at Bridgeport, Connecticut this 1st day of May 2015.

 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

[1] To the extent feasible, when submitting the revised affidavits, Defendants should identify for the Court
any passages that have changed from the original version by submitting a redline or by some other
appropriate means.