UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DAVID S.L. PARKS
            Plaintiff,

      v.                                          CASE NO. 3:09-cv-604 (VAB)

EDWARD A. BLANCHETTE,
JAMES E. DZURENDA, and
PETER J. MURPHY,
            Defendants.

## RULING ON DEFENDANTS' MOTION FOR COSTS

Plaintiff, David Parks, initiated this lawsuit *pro se* in 2009 by filing a complaint that challenged various prison conditions he faced while in the custody of the Connecticut Department of Correction.  Compl., ECF No. 1.  The Court granted him *in forma pauperis* status.  Order, ECF No. 10.  After the Court dismissed a number of claims and Defendants, the three remaining Defendants filed a motion for summary judgment, which the Court granted in its entirety, dismissing all claims in the case.  Ruling, ECF No. 262.  These three Defendants now move to recoup litigation costs, citing 28 U.S.C. §§ 1821, 1915(f), 1920, 1923, and 1924.  Defs.' Mot. for Costs, ECF No. 264.  For the reasons that follow, their request is **DENIED**.

Federal Rule of Civil Procedure 54(d)(1) gives district courts the discretion to award costs to a prevailing party, unless a federal statute or the rules provide otherwise.  *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172-73 (2013) ("[T]he decision whether to award costs ultimately lies within the sound discretion of the district court… [But] this discretion can be displaced by a federal statute or a Federal Rule of Civil Procedure.").  In support of their motion, Defendants cite the *in forma pauperis* statute, which provides that "[j]udgment may be rendered

for costs at the conclusion of the suit or action as in other proceedings."[1]  28 U.S.C. §1915(f)(1).

This statute, therefore, also indicates that the award of costs in this case is at this Court's

discretion.  *Marx*, 133 S. Ct. at 1173 (noting that a statute providing that the court "may award

costs" is not contrary to Rule 54(d)(1) because it "does not limit a court's discretion.").

 As the losing party, Mr. Parks bears the burden of showing that costs should not be

awarded.  *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by*

*Bruce v. Samuels*, 136 S. Ct. 627 (2016).  Denial of costs is appropriate where the losing party

has "limited financial resources" or the case involved difficult questions or an issue of public

importance.  *Whitfield*, 241 F.3d at 270.  In this case, the Court believes that all three of these

factors warrant a denial of Defendants' motion.

 Contrary to the Defendants' arguments, this case was difficult and presented close legal

questions that required considerable analysis and deliberation to resolve.  Indeed, the Court's

summary judgment opinion totaled nearly ninety pages. This case also involved issues of great

public importance surrounding the treatment of individuals with AIDS and Hepatitis C in the

prison setting.  Finally, Mr. Parks is indigent, as evidenced by his declaration and prisoner

account statement attached to his opposition to this motion.  Ex. A, Parks Decl., ECF No. 265-1;

Ex. B, Parks' Prisoner Account Stmt., ECF No. 265-2 (indicating that his current balance never

exceeded $664.48 from July 2015 through December 2015 and that his balance was 8 cents at

the end of December 2015).

 For all of these reasons, the Court concludes that awarding costs to the Defendants in this

matter would not be an appropriate use of its discretion.  *See Moore*, 586 F.3d at 222 (declining

---

[1] The various other statutes Defendants cite provide guidance on how to award costs for various expenses, including
witness fees, docket fees, and printing, as well as what types of costs are "taxable."  28 U.S.C. §§ 1821, 1920, 1923,
1924.

to award costs under a rule of appellate procedure similar to Rule 54(d) [2] where plaintiff had "meager financial resources" and prosecuted claims of government misconduct in good faith); *Rubinow v. Boehringer Ingelheim Pharms., Inc.*, No. 3:08-cv-01697(SRU),  2013 WL 4402368 , at *2 (D. Conn. Aug. 14, 2013) (reversing the Clerk's order awarding costs to the prevailing party to avoid exacerbating the losing party's financial hardship and because the losing party did not act in bad faith in bringing the lawsuit); *Fortunati v. Campagne*, No. 1:07-cv-143-jgm, 2013 WL 2322958, at *3-4 (D. Vt. May 28, 2013) (declining to award costs in a case brought to "vindicate the constitutional rights of… a mentally ill man whom [the police] fatally shot" given the "public importance of this particular civil rights action, the difficult and close issues raised in it, its complex and protracted nature, and the Plaintiffs' good faith").

Accordingly, Defendants' Motion for Costs, ECF No. 264, is **DENIED**.


**SO ORDERED** at Bridgeport, Connecticut, this 8th day of April 2016.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[2] *See Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986) (observing that the language of Federal Rule of Civil Procedure 54(d) and Federal Rule of Appellate Procedure 39 are "almost identical").